# Schilling *versus* Durst.

*Answer of Court to Prayer for Instruction to Jury, when sufficient.— Accord and Satisfaction not valid without Performance.*

1. In an issue to ascertain how much, if anything, was due on a cautionary judgment, the court submitted to the jury a question, arising out of a settlement between the plaintiff and defendant and the giving of a note thereon by the defendant, whether the note was received and accepted in satisfaction of the judgment, or was only a liquidation of the amount due, without distinctly affirming defendant's points, to the effect that if the jury believed the evidence, their verdict should be for the defendant. *Held,* that as the question was one of fact for the jury, the ruling of the court below was not error.

2. Where the defendant agreed to build a house for the plaintiff within a specified time, in consideration of a given sum, a release of all claims against him including the judgment, and security for the performance of the agreement, which the defendant gave, but did not build the house, the agreement and giving security under it, would not discharge or satisfy the judgment: the covenants between the parties constituted an entire contract, with mutual and dependent conditions, and the defendant could not claim the satisfaction of the judgment, without performance of his covenants to build, notwithstanding the security given.

ERROR to the District Court of *Philadelphia.*

This was a feigned issue directed by the court below, in which John Durst was plaintiff and Charles Schilling defendant, to ascertain how much, if anything, was due from the defendant to the plaintiff on a judgment for $1500, confessed in a bill single dated March 3d 1860, payable in five days after date, and which was entered of record in the District Court, March 5th 1860.

The defendant alleged that the judgment was given to the plaintiff for his protection as endorser; that on a settlement of their accounts, in May 1860, the plaintiff claimed only a balance of $758.28, and agreed, on receiving a note for that amount, to give up the judgment-note and cancel the judgment; that the promissory note was given, dated May 4th 1860, and that one Mehr, in the presence and with the assent of the plaintiff, had written on the back of the certificate of the judgment: "Philadelphia, May 4th 1860. Settlement this day by mine hand. GEORGE MEHR. Witness: SAMUEL HEINKE."

He proved by Mehr and Heinke that the parties had a settlement in their presence; that the sum found to be due was $758, for which Schilling gave his note; that Durst had said he had "no claim of the judgment if he got all his money;" that the memorandum of settlement was written on the certificate at that time as above stated; that Durst had told Schilling and Heinke to go to the prothonotary's office and get the note, but that the prothonotary would not give it up to any one but Durst.

The defendant also gave in evidence the following agreement:

"This agreement, made and closed the the the 24th day of May, A. D. 1860, between Charles Schilling, of the city of Philadelphia, dealer in marble, and John B. Durst, innkeeper, witnesseth, that Charles Schilling doth hereby agree to build a substantial brick house, three stories high, on the south side of Girard Avenue, west of Thirteenth street, in the city of Philadelphia aforesaid, for the said John B. Durst, for the price or sum of $1000. It is further agreed by the aforesaid party first herein mentioned, that he will have the said brick house finished in three months from the date hereof. It is also further agreed and allowed by the said John B. Durst, the party of the second part, that in case the weather is unfavourable during the aforesaid three months, that two weeks' grace shall be given unto the said Charles Schilling in building and finishing the said building, and after that time, in case the said Charles Schilling fails to finish and deliver unto the said John B. Durst, or his heirs or any of them, at the said time, he hereby agrees to pay, or cause to be paid, unto the said John B. Durst, the sum of $20.84 per month until finished, or at the rate of said rent for the time only he deprives the said John B. Durst of possession. This aforesaid or mentioned sum of $1000 to be paid unto Charles Schilling, his heirs or assigns, by the said John B. Durst, in lawful money of the United States, without any deduction whatever, as also the party of the second part, John B. Durst, agrees and promises, in addition to the $1000 aforesaid, to release, for ever discharge, and satisfy all claims, demands, &c., whatsoever he, the said John B. Durst, hath against the said Charles Schilling, upon receiving security to perform the several agreements herein named. In witness whereof, we, the said parties of both parts, have hereunto set our hands and seals, this 24th day of May, A. D. 1860."

To this was added a guaranty by Margaret Feitig, for the performance of the covenants made on the part of Durst, and an agreement by Schilling and Mrs. Feitig to indemnify John Durst of and from the payment of all notes which were discounted by him for Schilling, amounting to $620.

He also proved by George Geisz, who wrote the agreements, that they were executed together in his presence; that they were

[Schilling *v.* Durst.]

the result of some settlement between the parties, and were not, to his knowledge, about different matters.

And thereupon requested the court to charge the jury:—

1. That if the jury believe that there was an agreement that the judgment-note in question should be given up and cancelled at or on the giving of the promissory note for $758.28, then the verdict ought to be for the defendant.

2. That, if the understanding between the parties was that the judgment should be given up and cancelled, and the note of $758.28 was given in consideration thereof, then the verdict should be for the defendant.

3. That, if the jury believe the testimony of Mehr and Heinke, then there was an agreement to surrender and give up the judgment of $1500.

4. The law favours fair dealing between parties, and if Durst gave up the receipt for the judgment, intending to produce belief on the mind of Schilling that it would enable him to have the note cancelled, and thereby obtained from him a settlement admitting $758.28 indebtedness, then the verdict should be for defendant.

5. That the legal effect of the agreement of May 24th is to release this judgment and all other claims held by plaintiff against defendant, upon defendant giving the security stipulated for, without regard to whether the other terms of the agreement are carried out or not.

6. It is of no importance to the question before the jury whether the house mentioned in the agreement was built or not, as the plaintiff has the security to look to.

The learned judge (HARE, J.) charged as follows:—

"In answer to the first three points, I say, that whether the note is a bar to the action depends upon whether it was taken in satisfaction—that is as absolute payment of the judgment—or was given merely for the purpose of fixing the amount due, and as an additional or collateral security.

"To make the note satisfaction, there must have been an express or implied agreement that it should be taken in satisfaction of itself, and without such agreement it would not be satisfaction. I decline to charge as requested in the fourth and fifth points, and say that in the absence of evidence that the agreement was performed, it is not an answer to the plaintiff's claim."

Under these instructions there was a verdict and judgment in favour of the plaintiff for $792.39. The case was thereupon removed into this court by the defendant, for whom the following errors were assigned:—

The learned judge erred in not affirming the defendant's first,

[Schilling v. Durst.]

second, and third points; in negativing the defendant's fourth and fifth points; and in omitting to answer the sixth point.

*George H. Earle* and *Richard P. White*, for plaintiff in error. —Defendant was entitled to a distinct affirmation of his first and second points: Smith v. Thompson, 2 S. & R. 49; Powers v. McFerran, 2 S. & R. 44; Noble v. McClintock, 6 W. & S. 58. The language of the court was so general in meaning and so technical in expression as to mislead a jury, and that they were so misled, is the only method of accounting for the verdict in opposition to the very full and uncontradicted testimony of settlement, of plaintiff's agreement to surrender the judgment, and of his declarations that he had no claim upon it. A party is entitled to a charge as to the legal result of his evidence, if believed by the jury: Clark v. Fabor, 2 Wms. (28 Verm.) 222. No notice was taken of the third point, and points not answered may be considered as negatived by the court: Arbuckle v. Thompson, 1 Wright 170. A negative answer to this point would manifestly have been error. The fourth point should have been affirmed, for the law will not allow a party to take advantage of his own wrong, and if the plaintiff wilfully duped the defendant into the belief that possession of the prothonotary's certificate would enable him to cancel the judgment, and thereby procured from him the note for $758.28, this was an equitable defence to the judgment, and plaintiff ought not to have been allowed to recover. This point had reference solely to the first settlement between plaintiff and defendant. The fifth point had reference solely to the second, which took place twenty days afterwards, yet the court answered them together, flatly negativing both. Defendant was entitled to clear, distinct, and specific answers to all the points, but they are nowhere to be found in the charge of the court: Penna. Railroad Company v. Zebe, 33 Penna. St. Rep. 318; Bellas v. Hayes, 5 S. & R. 427; Shaffer v. Landis, 1 Id. 449; Hamilton v. Minor, 2 Id. 70; Brown v. Campbell, 1 Id. 176; Vincent v. Huff, 4 Id. 298; Baltimore and Ohio Railroad Company v. Holly, 14 Gratt. (Va.) 447, 478. The fifth and sixth points, negatived by the court, related to the construction of the agreement in writing of May 24th. This and the other agreement of same date were simultaneously executed as part of a common transaction, and should therefore be construed as one agreement. They were evidently made to close the dispute as to the former settlement, and to relieve the defendant of the judgment, and will admit of no construction but that suggested by the points of defendants. The releasing clause is an independent part of the agreement, to take effect at a time fixed, upon a fixed contingency, without reference to the

6 WR.—9

[Schilling *v.* Durst.]

completion of the work, to wit, upon the giving of the security: Drake *v.* Garce, 22 Ala. 409. The words "upon receiving security," fix the time beyond all question. In case of ambiguity the court will search for the true meaning, but will not adopt a construction in violation of the letter: Lemon *v.* Flanakan, 1 Hemp. 32; Loughor Coal Company *v.* Williams, 28 Eng. Law & Eq. 496. In this case both the extrinsic circumstances and the terms of the contract point clearly to the construction contended for by the defendant.

*Walter J. Budd,* for defendant in error.—1. The learned judge did affirm the first and second points; he merely used the words "payment" and "satisfaction" in place of the word "cancel," as requested. There was no error in that. The question before the jury, on that part of the case, was, whether the note had been accepted in payment and satisfaction of this judgment, and they found that it had not been so accepted. It would have been hard for them to have found otherwise, as the plaintiff in error contended before them that the first agreement of 24th May was intended to satisfy or cancel it.

2. No argument is submitted by the plaintiff in error to prove that the court erred in declining to affirm the third point. The authorities cited show that the court negatived this point by omitting to answer it, but they do not sustain the assertion that error was committed in so doing.

3. As to the fourth specification, the plaintiff in error was not entitled to an answer to this point. The testimony did not warrant it. He had confessed a judgment for $1500, and the fixing of the amount of his indebtedness thereon at little more than half that sum, was a benefit to him and not a·fraud. He has not brought himself within the principle of the authorities cited in support of this specification.

4. As to the fifth and sixth specifications, it is submitted that no error was committed by the court in declining to affirm these points. The only defence to this judgment was, either payment or proof of that which, in equity, was equivalent thereto. Payment was not pretended, and it is submitted that plaintiff in error failed to prove anything which, in equity or morals, entitled him to relief. He proved the execution merely of an agreement which, as he asserts, was intended to settle the disputes between himself and the defendent in error, but he failed to prove his performance of that agreement.

The opinion of the court was delivered, March 3d 1862, by

THOMPSON, J.—1. The only evidence given in the case was by the plaintiff in error, who was defendant below, in order to

[Schilling v. Durst.]

establish an equitable satisfaction of the judgment held by the defendant in error against him. It was therefore his testimony that brought the jury to find that the settlement between the parties and note of the 4th of May 1860, was but the liquidation of the cautionary judgment given by the defendant to the plaintiff. Whether the note was accepted in satisfaction of the judgment, as the defendant below contended, or a liquidation of the amount due on it, as contended for by the plaintiff, was raised by the testimony, and was properly referred to the jury. There is therefore no error in the first three assignments of error.

2. The next matter relied on by the defendant below was the agreement of the 24th of May 1860. That was a contract between the parties for the erection of a three-story brick house by the defendant for the plaintiff, within three months from the date of the contract, for which the plaintiff was to pay $1000, and in addition thereto to satisfy and discharge all claims and demands which he held against the defendant, "upon receiving security to perform the several agreements *therein* named." The defendant gave the security, but never performed any of the covenants, and now seeks to throw the responsibility of non-performance on the personal covenant of himself and surety. He claims that the agreement satisfies the judgment. We do not think so. The covenants between the parties constitute an entire and indivisible contract, with mutual and dependent conditions. The defendant could only claim a satisfaction of the judgment by performance. This he does not pretend. How, therefore, can he claim to enforce a contract which is executory, requiring the action of the court to enforce it, without a compliance with his own covenants, which he must make conditions precedent to the enforcement of the covenants on the other side? In other words, what right has he to claim payment for building the house, which he has never touched, when he can only claim the benefits of the stipulated compensation after the work is done? There would be no equity in an adjudication which would satisfy the judgment, and turn the plaintiff round to the covenants of the defendant and his surety, to recover the money back again; and it would be downright wrong to the surety. We will not further elaborate this view, and, as we see nothing wrong in the remaining error, the judgment is

　　　　　　　　　　　　　　　　　　Affirmed.